UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ARTHUR KINLAW,                                    :
         Plaintiff,                            :
                                                      :   10 Civ. 7539 (RMB)
    - against -                                 :
                                                      :   **DECISION & ORDER**
JAMES WALSH, et al.,                              :
                                                      :
         Defendants.                          :
----------------------------------------------------------x

**I.     Background**

By Decision and Order, dated May 18, 2011 ("Order"), the Court denied several applications for preliminary injunction filed by pro se plaintiff Arthur Kinlaw ("Plaintiff"), in an action against Brian Fischer, Commissioner of the New York State Department of Correctional Services ("DOCS"); Theresa Knapp-David, Associate Commissioner of DOCS; James Walsh, Superintendent of Sullivan Correctional Facility ("Sullivan"); Lynn Lilley, Deputy Superintendent of Sullivan; Dr. Wladyolaw Sidorowicz, Facility Health Services Director of Sullivan; Patrick Griffin, Superintendent of Southport Correctional Facility; Correctional Officer Van Fuller, and Floyd Darbee, a nurse (collectively, "Defendants").[1] In the Order, the Court found, among other things, that Plaintiff failed to establish irreparable harm if he were not transferred from Elmira Correctional Facility ("Elmira") to Eastern Correctional Facility ("Eastern") as he had requested; that Plaintiff failed to establish irreparable harm if he were not readmitted to the Elmira infirmary; and that Plaintiff failed to show that he was being "denied the opportunity to participate in or benefit from Defendants' services, programs, or activities."

---

[1]    The record is unclear as to where Floyd Darbee is employed.

(Order at 4−6 (quoting <u>Lighthall v. Vadlamudi</u>, No. 04 Civ. 0721, 2006 WL 721568 at \*19 (N.D.N.Y. Mar. 17, 2006)).)

On July 22, 2011, Plaintiff filed a motion for reconsideration, which we construe liberally as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"), arguing, among other things, that (1) Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA") by housing Plaintiff at Elmira and by "continu[ing] to deny Plaintiff" his "approved reasonable accommodation items"; (2) "Plaintiff was subjected to retaliatory discharge from the Elmira infirmary"; and (3) Defendants' counsel committed perjury when responding to the injunction motion.  (Pl.'s Mot. for Rec., dated June 22, 2011 ("Pl. Mem."), at 2−3, 12, 16.)

On September 21, 2011, Defendants submitted an opposition arguing, among other things, that (1) Plaintiff's motion is untimely because "[it was] submitted to prison authorities for mailing on June 26, 2011, well beyond the fourteen days after this Court's May 18, 2011 Order, permitted under Local Civ. R. 6.3, and beyond the twenty-eight days permitted under [FRCP] Rule 59(e)," and (2) "Plaintiff has failed to submit any controlling legal decisions or new facts that [the Court] may have overlooked."  (Defs.' Opp'n to Mot. for Rec., dated Sept. 20, 2011 ("Defs. Opp'n"), at 2.)

On October 12, 2011, Plaintiff submitted a reply, arguing, among other things, that Defendants "caused Plaintiff to file an untimely motion" because they engaged in "mail tampering" and deprived him of "law library supplies . . . for weeks at a time."  (Pl. Ltr., dated September 19, 2011, at 3.)  Plaintiff did not respond to Defendants' argument that he has failed to submit any controlling legal decisions or new facts that the Court overlooked.

**For the reasons set forth below, Plaintiff's motion for reconsideration is denied.**

2

**II.     Legal Standard**

A Rule 60(b) motion is granted only under "extraordinary circumstances," or to prevent "extreme and undue hardship." DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994) (quoting Matarese v. Le Fevre, 801 F.2d 98, 106 (2d Cir. 1986)).  When evaluating a Rule 60(b) motion, courts strive to "strike a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

While a "pro se litigant[] should be afforded leeway," LaGrande v. Key Bank Nat'l Ass'n, 393 F. Supp. 2d. 213, 219 (S.D.N.Y. 2005), and "should not be impaired by harsh application of technical rules," Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983), he or she is not excused from producing "highly convincing evidence in support of [his or her] motion to vacate a final judgment" under Fed. R. Civ. P. 60(b).  Gwynn v. Deleo, No. 86 Civ. 1596, 1991 WL 125185, at *4 (S.D.N.Y. July 3, 1991) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1986)).

**III.     Analysis**

In deference to Plaintiff's pro se status, the Court liberally construes Plaintiff's motion for reconsideration as a Rule 60(b) motion, as the time for a reconsideration motion has expired. See e.g., Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010) ("An untimely motion for reconsideration is treated as a Rule 60(b) motion.")

Plaintiff fails to identify any controlling law or factual matters that the Court overlooked in the Order or that might reasonably have altered the outcome as set forth in the Order.  See Painewebber Inc. v. Nwogugu, No. 98 Civ. 2441, 1999 WL 219908, at *1 (S.D.N.Y. Apr. 15, 1999) ("[H]aving failed to demonstrate an exceptional circumstance, or that there is an issue of fact or law that controls the decision and which the Court has overlooked, [pro se defendant's]

3

Rule 60(b) motion is denied."); see also Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Nor does Plaintiff point to any mistake, fraud, or other reason that would warrant relief under Rule 60(b).

The (unpersuasive) arguments presented in Plaintiff's motion are largely duplicative of the arguments previously submitted by Plaintiff in numerous written submissions to the Court. See Muina v. Hous. Pres. & Dev., No. 91 Civ. 4154, 1995 WL 521037, at *1–2 (S.D.N.Y. Sept. 1, 1995).[2]

**(1) Disabilities**

Recognizing Plaintiff's legal blindness and mental health issues, Defendants persuasively contend that resources at Elmira together with Plaintiff's maximum security classification makes his transfer to Eastern not in the public interest. (See Order at 4 (quoting Bellamy v. Mount Vernon Hosp., No. 07 Civ. 1801, 2009 U.S. Dist. LEXIS 54141 at *5 (S.D.N.Y. June 26, 2009)); see also Lowrance v. Achtyl, 20 F.3d 529, 535 (2d Cir. 1994).[3] No evidence, including letters written by, among other people, Plaintiff's primary care physician and the Deputy Superintendent for Program Services at Elmira (Pl. Ltr., dated April 7, 2011, at 7; Pl. Ltr., dated Oct. 5, 2011, at 25.), is presented that Defendants have violated the disability laws by continuing to house Plaintiff at Elmira, nor has Plaintiff established that he was denied reasonable accommodation, including the opportunity to participate in or benefit from Defendants' services, programs, or activities, or was otherwise discriminated against by Defendants, by reason of his

---

[2] Any argument and/or claims not specifically discussed herein were considered by the Court and rejected. See Weissman v. First UNUM Life Ins. Co., 44 F. Supp. 2d 512, 524 (S.D.N.Y. 1999).

[3] 'It appears that 'Plaintiff's attached security classification is a 'Max 01' . . . which Elmira falls under, whereas Eastern is classified at a 'Max 2.'" (Order at 4 n.2 (quoting Defs. Ltr., dated Apr. 21, 2011, at 1–3).)

medical and mental health issues.  (See Order at 6 (quoting Lighthall v. Vadlamudi, No. 04 Civ. 0721, 2006 U.S. Dist. LEXIS 74734, at *19 (N.D.N.Y Feb. 6, 2006).)

In addition, according to the Office of Mental Health ("OMH") Psychiatric Unit Chief at Elmira, Dr. Katrina Kemerie, Eastern has fewer OMH programs and services than Elmira, and Plaintiff engages productively with the OMH services Elmira offers.  (Defs. Ltr., dated Apr. 21, 2011, at 3; Pl. Ltr., dated Oct. 5, 2011, at Ex. 35.)  Plaintiff also receives accommodation(s) for his vision, including large font written materials.  (Pl. Ltr., dated Oct. 5, 2011, at 23.)

**(2) Discharge from Elmira Infirmary**

Plaintiff re-alleges (without any newly discovered support) that "he was subjected to retaliatory discharge" from the Elmira infirmary.  (Pl. Mem. at 12.)  But several prison medical officials, including Dr. Alves, Plaintiff's primary care physician, confirm that Plaintiff was discharged from the Elmira infirmary after being treated for a leg ulcer and being found medically stable.  (Def.s Ltr., dated Apr. 1, 2011, at 1).  "[D]isagreement over medications, diagnostics techniques, [or] forms of treatment, . . . are not adequate grounds for a 1983 claim." (Order at 5 (quoting Estelle v. Gramble, 429 U.S. 97, 106 (1976)); see also Arroyo v. Sturtz, 2009 U.S. Dist. LEXIS 90176, at*8 (N.D.N.Y Aug. 31, 2009) (A decision to discharge a patient from a prison infirmary "implicate[s] medical judgment and not the Eight Amendment."); Veloz v. N.Y., 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004).

**(3) Alleged Perjury**

Plaintiff argues that, in a letter to the Court, dated April, 21, 2011, "[Defendants' counsel] committed perjury when responding to the injunction motion" when Defendants asserted that "there [were] no OMH letters in Plaintiff's record recommending that he be transferred to Eastern, nor would there be because Eastern has fewer OMH programs and

services than Elmira." (Mot. for Rec, dated July 22, 2011, at 3; Defs. Ltr., dated April 21, 2011, at 2.) Defendants respond that Plaintiff is merely reiterating the arguments which were resolved in the Order, (Order at 3–6), that Eastern would be better able to accommodate his legal blindness than Elmira. "Plaintiff's disagreement with [D]efendants' position [does not] constitute evidence of perjury." (Opp'n to Mot. for Rec. at 2.)  Although some of the letters submitted by Plaintiff state that there may be other correctional facilities that offer services that would also suit Plaintiff's medical conditions, (Pl. Ltr., dated Oct. 5, 2011, at 25 ("If this facility cannot meet your needs then you should be transferred to a facility where all of your needs can be met.")), none of them is authored by an OMH official. Defendant's counsel accurately stated "there are no OMH letters in Plaintiff's records recommending that he be transferred to Eastern." (Defs. Ltr., dated April 21, 2011, at 3).

## IV. Conclusion and Order

For the reasons stated herein and in the Order, Plaintiff's Motion to reconsider the Order [#54] is respectfully denied.

Dated: New York, New York
November 8, 2011

_____
**RICHARD M. BERMAN, U.S.D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/8/11